# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC., | Case No. 1:21-cv-01357-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED** |
| v. | |
| THREE BROTHERS ELECTRICAL CONTRACTORS, INC., and ALEX JONES, | (Doc. 14) |
| Defendants. | **OBJECTIONS DUE: 14 DAYS** |

On December 9, 2021, Plaintiff Sunbelt Rentals, Inc. ("Plaintiff") filed a motion for default judgment against Defendant Three Brothers Electrical Contractors, Inc. ("Three Brothers"), pursuant to Fed. R. Civ. P. 55(b). (Doc. 14). No opposition to the motion has been filed. (*See* Docket.)

After having reviewed the papers and supporting material, the matter was deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the Court vacated the hearing set for January 12, 2022. (Doc. 17.) For the reasons set forth below, the undersigned recommends that the motion for default judgment be denied without prejudice.[1]

---

[1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

## I.     BACKGROUND[2]

Plaintiff rents equipment to its customers for use primarily in construction projects. (Doc. 1 ("Compl.") ¶ 6.) Three Brothers is an electrical contractor that services residential and commercial entities. (*Id*. ¶ 7.) Defendant Alex Jones ("Jones") is the chief executive officer (CEO) of Three Brothers. (*Id*. ¶ 3.)

In November 2018, Jones, in his capacity as Three Brothers' CEO, executed Plaintiff's online credit application (the "Application"). (Compl. ¶ 8; Doc. 1-1 at 1–2.) In connection with the Application, Jones also signed an individual personal guaranty (the "Guaranty"), in which he agreed to "personally guarantee prompt payment and performance of any obligations" of Three Brothers to Plaintiff. (Compl. ¶ 9; Doc. 1-1 at 3.)

Upon Plaintiff's approval of the Application, an open account was established through which Three Brothers could rent equipment from Plaintiff on credit (the "Open Account"). (Compl. ¶¶ 10–11; Doc. 1-2.) From August 2020 through February 2021, Plaintiff rented equipment to Three Brothers, which Plaintiff alleges Three Brothers has failed to pay. (Compl. ¶¶ 12–13; Docs. 1-3 & 1-4.)

According to Plaintiff, the total unpaid principal amount owed as of December 6, 2021, is $80,711.99. (Doc. 14-1 ¶ 14.) The Open Account terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid. (Compl. ¶ 17.) According to Plaintiff, Three Brothers owes Plaintiff services charges on the unpaid principal in the amount of $15,375.70. (Doc. 14-1 ¶ 14.) Thus, the total amount owed to Plaintiff by Three Brothers as of December 6, 2021, is $96,087.69. (Doc. 14-1 at 4.)

On September 10, 2021, Plaintiff filed this action in diversity against Three Brothers and Jones, alleging that they failed to pay Plaintiff the amounts that Three Brothers owes to Plaintiff for its rental of equipment. (*See generally* Compl.)

---

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the complaint.

On September 19, 2021, Plaintiff served the summons and complaint on Jones and Three Brothers by personally serving Jones, in his personal capacity and as the registered agent for service of process of Three Brothers. (Docs. 5 & 6.) On October 12, 2021, Jones filed an answer that purported to be on behalf of himself and Three Brothers. (Doc. 10.) The Clerk of Court entered default against Jones and Three Brothers on October 13, 2021. (Docs. 8 & 9.) On October 15, 2021, the Court vacated entry of default against Jones. (Doc. 11.) The Court further ordered stricken the answer filed by Jones on behalf of Three Brothers, a corporate entity, on grounds that there was no indication that Jones was an "attorney" as defined by the Court's Local Rule 183 such that he would be authorized to appear and file an answer on behalf of Three Brothers. (*Id*.) Three Brothers did not thereafter file an answer.

On December 9, 2021, Plaintiff filed the instant motion for default judgment against Three Brothers. (Doc. 14.) Plaintiff seeks a default judgment against Three Brothers for the unpaid principal of $80,711.99; accrued service charges through December 6, 2021, in the amount of $15,375.70 and additional service charges that will continue to accrue until the unpaid principal amount is fully collected; pre-judgment interest at a rate of 10% from June 30, 2021 until December 6, 2021, in the amount of $3,515.49, and all interest that subsequently accrues through the date of the judgment; post-judgment interest under 28 U.S.C. §1961(a); and a declaration that Three Brothers is liable for Plaintiff's reasonable and necessary attorney's fees and costs, the amount of which the Court will determine in response to a post-judgment motion by Plaintiff. (Doc. 15 at 10–12.)

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  JUDGE WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 6:11 (citing *Pena v. Seguros La Comercial, S.A.*, 770

3

F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.  DISCUSSION

It is important to note at the outset that Plaintiff has moved for entry of default judgment only against Three Brothers--one of two defendants named in this action. Plaintiff has not moved for default judgment against Jones nor has Plaintiff dismissed him from this action. In this regard, Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants).

Although the Court has discretion under Rule 54 depending on the circumstances before it, the Supreme Court long ago warned that "absurdity might follow" in instances involving motions for default judgment s where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Ninth Circuit has characterized the rule announced in *Frow* as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow*). In that case the Ninth Circuit also adopted the Eleventh Circuit's extension of the rule announced in *Frow* "to defendants who are similarly situated, even if not jointly and severally

4

liable."[3] *In re First T.D. & Inv. Inc.*, 253 F.3d at 532 ("We therefore hold that the bankruptcy court violated the *Frow* principle and abused its discretion by entering final default judgments, pursuant to Fed. R. Civ. P. 54(b)[.]"). *See also Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012) ("Here . . . the district court followed the proper procedure. After Hénin defaulted, the court waited until completion of trial against the non-defaulting defendants before fixing damages and entering default judgments against Hénin."); *United States Small Bus. Admin. v. Rocket Ventures II, L.P.*, No. 10–cv–04425–JSW, 2013 WL 4835371, at *15 (N.D. Cal. Sept. 10, 2013) ("*Frow's* applicability turns on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." (quotation marks omitted).

Therefore, despite the discretion accorded pursuant to Rule 54, in the default judgment context courts of this circuit have consistently applied *Frow* and *First T.D.* when default judgment is sought as to a non-answering defendant while the action is proceeding against answering defendants. *See Societe d'Equipments Internationaux Nigeria, Ltd v. Dolarian Cap., Inc.*, No. 1:15-cv-01553-DAD-SKO, 2016 WL 6868023, at *2 (E.D. Cal. Nov. 21, 2016) (denying motion for default judgment without prejudice "because to do so could, potentially, be inconsistent with a judgment on the merits with respect to the answering defendant"); *Zardain v. Ipacpa U.S., Inc.*, No. 2:15-cv-1207-MCE-EFB, 2016 WL 737380, at *3-4 (E.D. Cal. Feb. 25, 2016) (recommending denial without prejudice of a request for an "interlocutory default judgment" against one defendant because each defendant's potential liability is too interwoven with the other's to permit entry of judgment against IPACPA at this time"); *Employee Painters' Trust v. Cascade Coatings*, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on

---

[3] As the Ninth Circuit explained, in the case initially giving rise to this extension of *Frow*, "[a]lthough defendants were not jointly liable, the court vacated the default judgment against the exporter because '[i]t would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting defendant] on a contract that a jury found was breached by [the plaintiff].' " *In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (quoting *Gulf Cost Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).

the merits in favor of other defendants"); *Helton v. Factor 5, Inc.*, Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint.").

Here, Plaintiff seeks the very type of default judgment frowned upon by *Frow* (and *First T.D.*). Courts have applied *Frow* in similar circumstances where a lender has sought a default judgment against borrowers and guarantors, some of whom had not defaulted. *See United States v. Mobile XL, LLC*, No. 2:16-cv-08832-CAS(AGRx), 2017 WL 3427960, at *3 (C.D. Cal. Aug. 8, 2017) (collecting cases, and denying motion for default against borrower-defendants where the guarantor-defendant had appeared and answered). Plaintiff alleges that the personal guaranty "obligates [] Jones to, among other things, pay any outstanding amounts owed by Three Brothers to [Plaintiff]." (Compl. ¶ 21.) Plaintiff seeks a judgment that Three Brothers and Jones are "both liable" and requests the same monetary relief against both defendants. (*Id*. at 5.) Accordingly, it appears that Plaintiff in this case is seeking relief against both defendants jointly and severally.

At the very least, the claims, facts, and legal issues asserted in the complaint relative to each of the two defendants are quite similar.[4] *See In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (The *Frow* principle applies to circumstances in which counterclaim parties have closely related defenses or are otherwise "similarly situated."). Jones has also raised at least some defenses in his answer (*see* Doc. 10 at 3), and it appears that he does not assert any defenses that are not derivative of the defenses that Three Brothers might raise (as indicated by Jones' attempt to submit the pleading on behalf of both him and Three Brothers, *see id.* at 2). Default judgment against Three Brothers would therefore result in inconsistent obligations should Jones succeed in a potential defense against Plaintiff's claims. *See In re First T.D.*, 253 F.3d at 532 (finding that judgment against defaulting

---

[4] Plaintiff asserts that default judgment is appropriate in this case because "Jones is a guarantor of Three Brother's debt to [Plaintiff], and his liability to Sunbelt is an extension of, and relies on, Three Brother's liability to [Plaintiff]." (Doc. 15 at 4.) However, as Plaintiff's complaint demonstrates, in that it seeks joint liability and the same monetary relief, this is not a case that "turns on facts proven with respect to" Jones' own conduct and involvement, in which default judgment would not be appropriate. *Cf. Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1009 (N.D. Cal. 2001). As observed above, district courts both inside and outside this circuit have declined to enter default judgment in circumstances such as this, where a lender has sought a default judgment against borrowers and guarantors, some of whom had not defaulted. *See, e.g., Mobile XL, LLC*, 2017 WL 3427960, at *3.

defendants was "incongruous and unfair" where transactions between defaulting and non-defaulting defendants "followed an identical pattern with almost identical legal documents"). *See also Mobile XL*, 2017 WL 3427960, at *3; *Societe d'Equipments Internationaux Nigeria, Ltd*, 2016 WL 6868023, at *3; *Unilin Beheer B.V. v. NSL Trading Corp.*, No. 14–cv–02210–BRO–SS, 2014 WL 12577061, at *3 (C.D. Cal. Oct. 2, 2014) (finding that "the claims, facts, and legal theories" in the case suggest there may be a potential for inconsistent rulings as between the defaulting and non-defaulting defendants); *Rocket Ventures*, 2013 WL 4835371, at *15 (finding that, although the answering defendants "may raise purely individual defenses . . . , they may also raise defenses" that involve the defaulting-defendants and thus, default judgment is inappropriate).

Following *Frow* and its progeny, the undersigned finds that entering default judgment against Three Brothers would be inappropriate at this time.

### IV.   CONCLUSION AND RECOMMENDATION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for entry of default judgment against Defendant Three Brothers Electrical Contractors, Inc. (Doc. 14) be DENIED without prejudice to its renewal at the conclusion of this action, upon disposition of Plaintiff's claims against Jones.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 13, 2022**                    /s/ *Sheila K. Oberto*

7

UNITED STATES MAGISTRATE JUDGE