# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC., | Case No. 1:21-cv-01357-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S "MOTION FOR DECREE PRO CONFESSO" BE DENIED; ORDER VACATING HEARING** |
| v. | |
| THREE BROTHERS ELECTRICAL CONTRACTORS, INC., and ALEX JONES, | (Doc. 30) |
| Defendants. | **OBJECTIONS DUE: 14 DAYS** |

Plaintiff Sunbelt Rentals, Inc. ("Plaintiff") seeks to hold Defendants Three Brothers Electrical Contractors, Inc. ("Three Brothers") and Alex Jones ("Jones") liable for failure to pay amounts due for the rental of its equipment. (*See* Doc. 1.) After the Court entered default against Three Brothers, Plaintiff filed a motion for default judgment against the company alone. (Doc. 14.) On January 14, 2022, the undersigned recommended the motion be denied without prejudice, because Jones had appeared to defend in the action and default judgment against the company could result in inconsistent determinations. (Doc. 19, citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).) The assigned district judge adopted the findings and recommendations in full on February 3, 2022. (Doc. 21.)

On June 15, 2022, Plaintiff filed an amended motion for default judgment against Three

Brothers, (Doc. 26), which was also recommended for denial without prejudice for the same reasons set forth in the prior findings and recommendations. (*See* Doc. 29.) Those findings and recommendations were adopted in full by the assigned district judge on August 10, 2022. (Doc. 31.)

Now pending before the undersigned is Plaintiff's "motion for decree pro confesso," filed August 8, 2022. (Doc. 30.) Plaintiff seeks entry of a "decree *pro confesso*" against Three Brothers to "remov[e] [it] from this matter until the claims against Defendant Alex Jones can be heard on the merits." (Doc. 30.) In arguing the appropriateness of such relief, Plaintiff relies exclusively on the United States Supreme Court's decision in *Frow v. De La Vega*, cited in the Court's orders denying Plaintiff's motions for default judgment against Three Brothers. (*Id*. at 3 (citing *Frow*, 82 U.S. 552, 554 (1872).)

In *Frow*, the appellant was one of fourteen defendants charged with conspiracy to defraud in a land transaction. The appellant defaulted while the remaining thirteen defendants answered on the merits. The trial court entered a "decree *pro confesso* " followed by a "final decree absolute" against the appellant. The Supreme Court reversed, finding that the trial court could not enter a final decree on the merits against one defendant before the cause was fully adjudicated as to the others. *See Frow*, 82 U.S. at 554–55. The Court stated that:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence; he cannot be heard at the final hearing

*Id*. at 554.

*Frow* was decided in 1872, before the Federal Rules of Civil Procedure were enacted. At that time, a default judgment could be entered in law or in equity. *See* 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 2681 (4th ed. 2022). In law, a default judgment was referred to as a "decree nil dicit." *See* Arthur J. Park, *Fixing Faults in the Current Default Judgment Framework*, 34 Campbell L. Rev. 155, 157 (2011). In equity, a default judgment was referred to as a "decree *pro confesso*." *See Fed. Prac. & Proc. Civ.* § 2681.

In 1938, however, the two doctrines were <u>combined</u> in Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55 advisory committee's note to 1937 adoption ("This represents the joining of the equity decree pro confesso . . . and the judgment by default."). Plaintiff does not cite, and the Court has not located, any legal authority that would support the entry of a "decree *pro confesso*" post-enactment of Rule 55. In fact, the legal authority identified by the Court calls into question the doctrine's continuing vitality, and suggests that it has been entirely supplanted by the Rule. *See, e.g.*, *Jazz Casual Prods. Inc. v. Byron*, No. C-11-0352 JCS, 2012 WL 13059823, at *2 (N.D. Cal. June 21, 2012) (discussing *Frow*: "The trial court entered default judgment against the appellant (***called at the time a 'decree pro confesso'*** followed by a 'final decree absolute').") (emphasis added); *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (describing the terms "decree pro confesso" and "final decree absolute" used in *Frow* as "latter day default and default judgment").

Default has been entered against Three Brothers pursuant to Rule 55(a) (*see* Doc. 9), and Plaintiff has been advised, on two occasions, why entry of default judgment pursuant to Rule 55(b) is inappropriate at this time, namely, because Jones had appeared to defend in the action and default judgment against the company could result in inconsistent determinations (*see* Docs. 19, 21, 29, 31). As Plaintiff has sought and obtained all of the relief available to it under Rule 55 at this stage of the proceedings, IT IS HEREBY RECOMMENDED that Plaintiff's "motion for decree pro confesso" be DENIED.[1] The hearing on the motion, set for September 21, 2022, is VACATED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

---

[1] Plaintiff urges the granting of its motion to "remov[e] Three Brothers from this matter" so that the Court can decide its motion for judgment on the pleadings against Jones. (Doc. 30 at 3–4.) However, Three Brothers' status as a defaulting defendant in this case is not an impediment to the Court's adjudication of Plaintiff's motion against its co-defendant, which has been taken under submission by the assigned District Judge.

§ 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 6, 2022**                    /s/ *Sheila K. Oberto*                   
                                                     UNITED STATES MAGISTRATE JUDGE