1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                        **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  SUNBELT RENTALS, INC., | ) Case No.: 1:21-cv-01357 JLT SKO |
| 12          Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION FOR |
| 13     v. | ) JUDGMENT ON THE PLEADINGS AND GRANTING IN PART PLAINTIFF'S MOTION |
| 14  THREE BROTHERS ELECTRICAL | ) FOR DEFAULT JUDGMENT |
| 15  CONTRACTORS, INC., and ALEX JONES, | ) (Docs. 22, 39) |
| 16          Defendants. | ) |

17         Sunbelt Rentals, Inc. seeks to hold Three Brothers Electrical Contractors, Inc. and Alex Jones,

18  liable for failure to pay amounts due for the rental of its equipment. (*See generally* Doc. 1.) Pending

19  before the Court is Plaintiff's motion for judgment on the pleadings as to Jones and motion for default

20  judgment as to Three Brothers. (Docs. 22, 39.) The Court finds the matters suitable for decision

21  without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth

22  below, the motion for judgment on the pleadings is **GRANTED** and the motion for default judgment

23  is **GRANTED IN PART** and **DENIED IN PART**.

24  **I.     Background and Procedural History**

25         Plaintiff rents equipment to its customers for use primarily in construction projects. (Doc. 1, ¶

26  6.) Three Brothers is an electrical contractor that services residential and commercial entities. (*Id.* at ¶

27  7.) Alex Jones is the chief executive officer of Three Brothers. (*Id.* at ¶ 3.) In November 2018, Jones,

28  in his capacity as Three Brothers' CEO, executed Plaintiff's online credit application (*Id.* at ¶ 8; Doc.

1-1 at 1-2.) In connection with the application, Jones also signed an individual personal guaranty in which he agreed to "personally guarantee prompt payment and performance of any obligations" of Three Brothers to Plaintiff. (Doc. 1, ¶ 9; Doc. 1-1 at 3.) Upon Plaintiff's approval of the application, an open account was established through which Three Brothers could rent equipment from Plaintiff on credit. (Doc. 1, ¶¶ 10-11; Doc. 1-2.) From August 2020 through February 2021, Plaintiff rented equipment to Three Brothers, for which Plaintiff alleges Three Brothers has failed to pay. (Doc. 1, ¶¶ 12-13; Docs. 1-3, 1-4.) On September 10, 2021, Plaintiff filed this action in diversity against Jones and Three Brothers, asserting causes of action for (1) breach of contract; (2) unjust enrichment; (3) attorney's fees, and (4) breach of personal guaranty. (Doc. 1.)[1]

On October 12, 2021, Jones filed an answer that purported to be on behalf of himself and Three Brothers. (Doc. 10.) The Court struck the answer as to Three Brothers, a corporate entity, on grounds that there was no indication that Jones was an "attorney" as defined by the Court's Local Rule 183 such that he would be authorized to appear and file an answer on behalf of the entity. The Clerk of Court entered default against Three Brothers (*Id.*) Three Brothers has not filed an answer. Plaintiff filed a motion for default judgment against the company alone. (Doc. 14.) The assigned magistrate judge recommended the motion be denied without prejudice because Jones had appeared to defend in the action and default judgment against the company could result in inconsistent determinations. (Doc. 19 [citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)].) The Court adopted the findings and recommendations in full on. (Doc. 21.) Plaintiff then filed an amended motion for default judgment against Three Brothers (Doc. 26), which was denied for the same reasons as before. (Doc. 29; Doc. 31) Next, Plaintiff filed a "motion for decree pro confesso." (Doc. 30.) This magistrate judge recommended the motion be denied (Doc. 33) and the Court agreed. (Doc. 35.)

---

[1] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the complaint.

Pending before the Court is Plaintiff's motion for judgment on the pleadings as to Mr. Jones and the renewed motion for default judgment against Three Brothers only. (*See* Docs. 26, 39.) Plaintiff seeks a default judgment for the unpaid principal of $80,711.99; accrued service charges of 1.5% through June 3, 2022, in the amount of $22,616.27, and additional service charges that will continue to accrue until the unpaid principal amount is fully collected; pre-judgment interest at a rate of 10% from June 30, 2021 until June 3, 2022, in the amount of $7,473.18, and all interest that subsequently accrues through the date of judgment; post-judgment interest under 28 U.S.C. §1961(a); and a declaration that the defendants are liable for Plaintiff's reasonable and necessary attorney's fees and costs, the amount of which the Court will determine in response to a post-judgment motion by Plaintiff under Federal Rule of Civil Procedure 54(d). (Doc. 27 at 10-13.)

## II.      Motion for Judgment on the Pleadings

### A.      Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A judgment on the pleadings is a decision on the merits." *3550 Stevens Creek Assocs. v. Barclays Bank of Cal.*, 915 F.2d 1355, 1356 (9th Cir. 1990). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).

Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). The Court applies the same standard as on a 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011); *see also Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008) (a motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6).");

*Diamond v. Corizon Health, Inc.*, 2016 WL 7034036 (N.D. Cal. Dec. 2, 2016) (describing the two motions as "functionally identical") (citing *Dwokin v. Hustler Mag. Inc.*, 867 F.2d 1188 (9th Cir. 1989)).

Although typically brought by defendants, a 12(c) motion may also be brought by a plaintiff. *United States v. Brown*, 2019 WL 5549174, at *2 (D. Ariz. Oct. 28, 2019) (citing *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002)). A plaintiff may use a 12(c) motion to its benefit where a defendant's answer fails to deny the allegations of the Complaint. *Id*. ("A plaintiff may move for judgment on the pleadings if the answer fails to controvert material facts alleged in the complaint. Accordingly, when ruling on a motion for judgment on the pleadings filed by a plaintiff, [u]ncontested allegations to which the other party had an opportunity to respond are taken as true.") (internal citations and quotation marks omitted); *see also Munoz v. United States Dep't of State*, 2018 WL 6842829, at *1 (C.D. Cal. June 8, 2018) (same). The existence of affirmative defenses usually precludes judgment on the pleadings. *See Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), unless the affirmative defenses raise only questions of law. *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015); *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1056 (E.D. Cal. 2018). Thus, a plaintiff may bring the motion if the defendant's answer fails to controvert material facts alleged in the Complaint or any affirmative defenses raise no issues of fact.

### B.    Discussion and Analysis

Because the Complaint does not make clear which causes of action it asserts against Jones, the Court will address each in turn.

#### 1.    Breach of contract

Plaintiff's claim for breach of contract asserts that the open account terms and invoices established a contract between Plaintiff and Three Brothers, which was breached when Three Brothers failed to fully satisfy rental payments due, and which caused Plaintiff to suffer damages. (Doc. 1 at ¶¶ 23-25.) Jones' answer in response was "no contest." (Doc. 10 at 3.) This unquestionably fails to deny or controvert the material facts of the Complaint and Jones raises no affirmative defenses to this cause of action.

4

2.      Attorney's fees

Plaintiff claims that due to Three Brothers' breach of the agreement and Jones' breach of the personal guaranty, it was forced to retain attorneys to litigate its claims after numerous requests for payment went unanswered. (Doc. 1 at ¶ 27.) Accordingly, Plaintiff asserts it is entitled to reasonable attorney's fees. (*Id*. at ¶ 28.) Jones' answer does not deny Plaintiff's entitlement to attorney's fees. Rather, he states that "Defendants request reduction [of attorney's fees] by half." (Doc. 10 at 3.) Thus, Jones' answer effectively admits liability for attorney's fees. Failure to deny a plaintiff's allegations in a complaint constitutes an admission. *See Lockwood v. Wolf Corp.*, 629 F.2d 603 (9th Cir. 1980) (citing Fed. R. Civ. P. 8(d)). Only challenging the amount of attorney's fees does not constitute an affirmative defense. *See Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) (clarifying that "attorneys' fees are not damages. In any event, a defense targeting the amount of the recovery is a limitation rather than an affirmative defense."); *see also, e.g., Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590, 605 (C.D. Cal. 2021) (explaining that "partial summary judgment may still be appropriate as to liability, even if not as to the total amount of damages, so long as the material facts are undisputed").

3.      Unjust enrichment

Plaintiff's third count alleges that it rented equipment to Three Brothers, who used the equipment in conducting its business, "thereby retaining the value of renting the equipment without paying for it." (Doc. 1 at ¶¶ 30-31.) According to Plaintiff, "[i]t would be unjust for Three Brothers to retain the benefit of the [e]quipment without paying for the same," entitling Plaintiff to recovery for unjust enrichment. (*Id*. at ¶¶ 32, 34.) In his answer, Jones responds:

> A.    "Defendant has not been fully compensated by project owners and general contractor."
> B.    "Defendant is in the process of filing suit against the owners and general contractor."
> C.    "Defendant request[s] a management payment plan, [$]1,000.00 to [$]1,500.00 per month for 12 months with review of Defendant['s] finances and amount owed to determine adjustment of payment." (*Id*.)

(Doc. 10 at 3.)

Again, Jones does not deny or controvert Plaintiff's entitlement to recovery under the doctrine of unjust enrichment. He also does not challenge the amount of damages, only that he be allowed to

1    enter a payment plan to satisfy the judgment. In effect, Jones admits the allegations as to Plaintiff's

2    claim for unjust enrichment. *Lockwood v. Wolf Corp.*, 629 F.2d 603 (9th Cir. 1980). However, because

3    Plaintiff alleges unjust enrichment as an alternative to the breach of contract, and the Court finds the

4    breach occurred, the unjust enrichment claim does not serve as a basis to find Mr. Jones liable on the

5    personal guaranty claim.

6                    4.    Breach of personal guaranty

7                    According to the Complaint, in filing a credit application with Plaintiff, Jones signed an

8    individual personal guaranty in which he agreed to "personally guarantee prompt payment and

9    performance of any obligations" of Three Brothers to Plaintiff, including payment for outstanding

10   balances. (Doc. 1 at ¶¶ 9, 21.) Plaintiff's final claim for breach of personal guaranty alleges that after

11   the guaranty's execution, Jones, as guarantor of Three Brothers, failed to pay Plaintiff upon Three

12   Brothers' default. (*Id*. at ¶¶ 36-37.) As a result, Plaintiff asserts he suffered damages. (*Id*. at ¶ 38.) As

13   with the unjust enrichment claim, Jones answers that he "is willing to make payments to settle

14   default." (Doc. 10 at 3.) Notably, there isn't a challenge to the amount of damages. Thus, Jones fails to

15   deny this claim or controvert the material facts of the Complaint, entitling Plaintiff to judgment on the

16   pleadings as a matter of law. Critically, Jones does not challenge any of Plaintiff's four causes of

17   action. He had ample opportunity to deny these claims, controvert the material facts, or raise an

18   affirmative defense. He failed to do any of these. Thus, Plaintiff's allegations are taken as true, and the

19   motion for judgment on the pleadings is **GRANTED**.

20   **III.    Motion for Default Judgment**

21           **A.    Legal Standard**

22                   "Our starting point is the general rule that default judgments are ordinarily disfavored," as

23   "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe*

24   *Cig*, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.

25   1986)). Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step

26   process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief

27   is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

28   Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After

                                                        6

entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b).

The decision to grant a motion for entry of default judgment is within the discretion of the Court. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has directed courts to consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72.

**B.     Discussion and Analysis**

Plaintiff moves the Court to enter default judgment against Three Brothers for its failure to appear to defend itself in this matter. (*See* Docs. 26, 39.) Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting Plaintiff's motion for default judgment with respect to the breach of contract claim against Three Brothers.

1.     *Eitel* factors

a.     *Prejudice to Plaintiff*

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods.,* 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).

Plaintiff argues it will be severely prejudiced because Three Brothers has not retained an attorney or answered the Complaint, and although Jones has appeared on his own behalf, Jones' liability relies on Three Brothers' liability. (Doc. 27 at 4-5.) The Court agrees that Plaintiff will be prejudiced if default judgment is not granted. Plaintiff filed this lawsuit on September 10, 2021. (*See* Doc. 1.) If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent Three Brothers will not appear or otherwise defend itself in this matter. Therefore, this factor weighs in favor of entering a default judgment.

///

b.      *Merits of Plaintiff's claims and sufficiency of the complaint*

"The second and third *Eitel* factors instruct the Court to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. It is appropriate for the court to analyze these two factors together." *Arroyo v. J.S.T. LLC*, 2019 WL 4877573, at *6 (E.D. Cal. Oct. 3, 2019) (citations omitted). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico,* 238 F. Supp. 2d at 1175.

i.      *Breach of contract*

Under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (internal citation omitted). For a contract to be enforceable, the contract terms must be sufficiently definite as a matter of law for the court "to ascertain the parties' obligations and to determine whether those obligations have been performed." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (Cal. Ct. App. 1991). "Stated otherwise, the contract will be enforced if it is possible to reach a fair and just result even if, in the process, the court is required to fill in some gaps." *Id.*

Plaintiff alleges Jones executed a credit application on behalf of Three Brothers, along with a personal guaranty, agreeing to be bound by the "open account" terms and allowing Three Brothers to rent Plaintiff's equipment on credit. Doc. 1 at ¶¶ 8-10; Docs. 1-1, 1-2.) As evidenced by the terms and invoices, attached to the Complaint, Plaintiff asserts its approval of Jones' application formed a contract between the parties. (*See* Doc. 1 at ¶ 23.) The contract was governed by Plaintiff's standard "open account" terms wherein Three Brothers would pay to rent Plaintiff's equipment, personally guaranteed by Jones. (*See* Docs. 1-1, 1-2.) The Complaint also alleges that Plaintiff performed its portion of the contract by renting equipment to Three Brothers from August 2020 through February 2021 (Doc. 1 at ¶ 12), Three Brothers breached the contract by failing to pay the rental charges owed to Plaintiff (*id*. at ¶¶ 13, 24), and Plaintiff suffered monetary damages as a result of the breach. (*See id*. at ¶¶ 16, 18-19, 25.) These allegations are legally sufficient to entitle Plaintiff to relief against Three Brothers on the breach of contract claim.

ii.    *Unjust enrichment*

With respect to the unjust enrichment claim, Plaintiff asserts that "in the alternative, if [the] breach of contract claim was deemed insufficient, [Plaintiff] is entitled to recover from Three Brothers for the damages set forth below based on unjust enrichment." (Doc. 27 at 6.) As discussed above, Plaintiff sufficiently stated a claim for breach of contract. Moreover, "California law does not permit a standalone cause of action for unjust enrichment where an enforceable written contract governs the same subject matter." *BASF* at *4 (citing *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)). As such, because the subject matter of Plaintiff's unjust enrichment claim is governed by the same contract as for the breach of contract claim, Plaintiff cannot rely on a separate, duplicative cause of action for unjust enrichment. *Id.* (quoting *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract."). In sum, the second and third *Eitel* factors weigh in favor of default judgment as to the breach of contract claim but not as to the unjust enrichment claim. Thus, Plaintiff's motion is **DENIED** as to the unjust enrichment claim, which is **DISMISSED WITH PREJUDICE**. *BASF Corp. v. ENS, Inc.*, 2022 WL 16973248, at *6 (C.D. Cal. Nov. 16, 2022); *Carlson Produce, LLC v. Clapper*, 2020 WL 533004, at *4 (N.D. Cal. Feb. 3, 2020).

c.    *Sum of money at stake*

Generally, when considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico,* 238 F. Supp. 2d at 1176; *see also Nolan v. Calello*, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021) (balancing the amount and the seriousness "requires that the Court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct.") (citing *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)). "Default judgment is disfavored when a large amount of money is involved," or the amount sought appears "unreasonable in light of the potential loss caused by the defendant's actions." *HICA Educ. Loan Corp. v. Warne*, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012) (citations and internal quotation marks omitted). Because the amount of relief sought is comprised only of charges enumerated in the parties' binding agreement—principal charges, service charges, interest, and attorney's fees—the Court does not find the amount unreasonable or

1   disproportionate in relation to the losses caused by Three Brother's conduct. Accordingly, the fourth

2   *Eitel* factor weighs in favor of entering default judgment.

3                   d.      *Possibility of dispute concerning material facts*

4              There is little possibility of dispute concerning material facts because (1) based on the entry of

5   default, the Court accepts allegations in Plaintiff's Complaint as true and (2) though properly served,

6   Three Brothers failed to appear or otherwise challenge the well-pleaded allegations of the Complaint.

7   *See Pepsico,* 238 F. Supp. 2d at 1177; *see also Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D.

8   388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after

9   the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact

10   exists"). Accordingly, this factor favors entry of default judgment.

11                   e.      *Whether default was due to excusable neglect*

12             Generally, the Court will consider whether a defendant's failure to answer is due to excusable

13   neglect. *See Eitel,* 782 F.2d at 1472. Three Brothers was properly served with the Summons and

14   Complaint. (*See* Doc. 5.) Nevertheless, Three Brothers has not appeared in this action, nor has it

15   opposed the motion for default judgment. Given these facts, it is unlikely that Three Brothers' actions

16   were the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp.

17   2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly

18   served with the Complaint, the notice of entry of default, as well as the papers in support of the instant

19   motion"). Thus, this factor weighs in favor of default judgment.

20                   e.      *Policy disfavoring default judgment*

21             As noted above, default judgments are disfavored because "[c]ases should be decided on their

22   merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. However, the policy favoring decisions

23   on the merits does not weigh against entering default judgment where, as here, the defendant's failure

24   to appear has made impractical a decision on the merits. *Arroyo,* 2019 WL 4877573, at *11.

25             Given the prejudice to Plaintiff if default judgment is not granted and the merits of the

26   allegations contained in complaint, granting default judgment in this case would not violate the

27   general policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *See*

28   *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a

decision on the merits impractical, if not impossible. Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Because Three Brothers has failed to defend the action, the Court finds the policy favoring decisions on the merits does not preclude entering default judgment against Three Brothers under these circumstances.

The *Eitel* factors weigh strongly in favor of granting default judgment and the entry of default judgment is within the discretion of the Court. *See Aldabe*, 616 F.2d at 1092. Furthermore, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). As a decision on the merits, judgment in favor of Plaintiff and against Jones on the personal guaranty claim under Rule 12(c) amounts to an adjudication with regards to the remaining defendant. Accordingly, Plaintiff's motion for default judgment as to Three Brothers on the breach of contract claim is **GRANTED**. Additionally, as guarantor, Jones and Three Brothers are jointly and severally liable for the damage amount, discussed below.

### 2.     Terms of judgment

Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and it "must 'prove up' the amount of damages." *Philip Morris USA Inc. v. Banh*, 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005). Rule 54(c) "allows only the amount prayed for in the complaint to be awarded to the plaintiff in a default." *Elektra Entertainment Group v. Bryant*, 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004); *PepsiCo*, 238 F. Supp. 2d at 1175 (stating that a 54(c) motion is proper when it "requests a remedy that is not different in kind from that prayed for in the Complaint.").

#### a.     Compensatory damages

In its motion for default judgment, Plaintiff seeks $103,328.26 in compensatory damages, including the unpaid principal amount of $80,711.99 and accrued service charges at 1.5% through June 3, 2022, totaling $22,616.27. (*See* Docs. 26, 27.) Plaintiff indicates the service charges continue to accrue until the principal amount is paid in full. (Doc. 27 at 12.)

In support of the damages amount, Plaintiff provides numerous invoices and late charge notices detailing the type of equipment rented by Three Brothers, the dates of the rental period, and the

applicable charges. (*See* Doc. 1-3.) The invoice dates encompass the entire alleged rental period, from August 2020 to February 2021. (*See id.* at 1-28.) Plaintiff further provides an account summary indicating a principal amount owed totaling $80,711.99. (*See* Doc. 1-4; Doc. 26-1 at 5.) The declaration from Catherine Hargis, Plaintiff's corporate collections manager, demonstrates that as of June 3, 2022, the accrued service charges amounted to $22,616.27. (Doc. 26-1.) As evidenced and declared by Ms. Hargis, the open account terms provide that unpaid service charges accrue interest at 1.5% per month. (*See* Doc. 1-2 at 2; Doc. 26-1.)

The Court finds that Plaintiff has provided sufficient proof of the damages amount through the declaration of Ms. Hargis and supporting documentation. Thus, Plaintiff is entitled to the full amount of compensatory damages without the need for a hearing. *See Nike, Inc. v. B&B Clothing Co.*, 2007 WL 1515307, at *1 (E.D. Cal. May 22, 2007) (internal citations omitted) ("Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing."); *see also Priv. Funding Grp., LLC v. Goldshield Medline Grp., Inc.*, 2022 WL 18356997, at *6 (C.D. Cal. Dec. 9, 2022) (no "prove-up" hearing required when the sum is capable of mathematical calculation). Plaintiff **SHALL** provide the exact amount of damages sought in a proposed form of short order to be submitted within 10 days of entry of judgment.

### b. *Prejudgment interest*

Plaintiff also seeks prejudgment interest at the statutory interest rate at 10%, amounting to $7,473.18 as of June 3, 2022, plus all interest that accrues through the date judgment is entered. (Doc. 27 at 12.) Prejudgment interest "serves to compensate [the prevailing wronged party] for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Schneider v. County of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (internal quotation omitted). State law generally governs the award of prejudgment interest in diversity actions. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). California Civil Procedure Code § 3287(a) provides that a party "entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled to

12

also recover interest thereon from that day." Further, the obligation set forth by a contract "shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Proc. Code § 3289(b). Because Plaintiff alleges that it is entitled to prejudgment interest and because the Court finds that Plaintiff provided adequate proof of the damages amount, the Court also concludes that Plaintiff is entitled to recover the full amount of prejudgment interest. Plaintiff **SHALL** provide the exact amount of prejudgment interest sought in a proposed form of short order to be submitted within 10 days of entry of judgment.

### c.     *Post-judgment interest*

Plaintiff is entitled to receive post-judgement interest. "Under the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing *Perkins v. Standard Oil Co.*, 487 F.2d 672, 674 (9th Cir. 1973)). Post-judgment interest applies to the entire judgment, including principal, pre-judgment interest, attorneys' fees, and costs. *Id.* at 291. The post-judgment interest rate is set "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding ... the date of the judgment." 28 U.S.C. § 1961(a).

### d.     *Attorney's fees*

Plaintiff seeks a declaration that Three Brothers is liable for reasonable attorney's fees and costs incurred to enforce the parties' contract, the amount of which to be determined upon the filing of a post-judgment motion under Federal Rule of Civil Procedure 54(d). (*See* Doc. 27 at 10-13; Doc. 23 at 8.) Under California law, reasonable attorney's fees and costs are available to the prevailing party of a contract action "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract," are recoverable. Cal. Civ. Code § 1717. Section 15 of Plaintiff's conditions and terms provides that "[i]f a Customer default occurs . . . Customer shall pay all of [Plaintiff's] costs, including reasonable costs of collection, court costs, attorneys and legal fees, incurred in exercising any of its rights or remedies herein." (Doc. 1-2 at 2.) Because the Court has determined that the contract is enforceable, the Court concludes Plaintiff is entitled to reasonable attorney's fees and costs. Plaintiff indicates its intention to file a motion for attorney's fees after entry

13

of judgment. (*See* Docs. 26, 39.) Thus, the Court **RESERVES** jurisdiction as to the amount of attorney's fees pending examination of Plaintiff's Rule 54(d) motion or stipulation. Plaintiff **SHALL** submit such stipulation or motion within 28 days of entry of final judgment. L.R. 293.

**IV.     Conclusion and Order**

For the reasons set forth above, the Court **ORDERS**:

1.     Plaintiff's motion for judgment on the pleadings (Doc. 22) is **GRANTED** as to the personal guaranty claim against Defendant Alex Jones.

2.     Plaintiff Sunbelt Rentals, Inc.'s motion for default judgment (Doc. 39) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.     Plaintiff's motion is **GRANTED** as to Plaintiff's breach of contract claim.

    b.     Plaintiff's motion is **DENIED** as to the unjust enrichment claim and the claim is **DISMISSED WITH PREJUDICE**.

3.     Plaintiff is awarded damages as follows:

        a.     Compensatory damages, the amount of which is to be determined pursuant to Plaintiff's submission of a proposed order.

        b.     Prejudgment interest, the amount of which is to be determined pursuant to Plaintiff's submission of a proposed order.

        c.     Any postjudgment interest accruing after the entry of judgment at the statutory rate pursuant to 28 U.S.C. § 1961 until the judgment is paid.

        d.     Reasonable attorney's fees and costs, the amount of which is to be determined pursuant to Plaintiff's submission of a postjudgment motion or stipulation.

4.     Plaintiff **SHALL** provide the exact amount of damages and prejudgment interest sought by way of a proposed form of short order to be submitted within **10 days** of entry of judgment.

5.     The Court **RESERVES** jurisdiction to enter an award of reasonable attorney's fees, litigation expenses, and costs in the interim between judgment and Plaintiff's postjudgment filing.

14

6.   Plaintiff **SHALL** submit its motion or stipulation for attorney's fees within **28 days** of the Court's entry of final judgment.

7.   The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants as follows:

a.   Against Three Brothers Electrical Contractors, Inc. as to the breach of contract claim.

b.   Against Alex Jones as to the personal guaranty claim.

8.   The Clerk of the Court is directed to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   <u>**March 19, 2023**</u>

<u>UNITED STATES DISTRICT JUDGE</u>

15