UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC., | Case No.: 1:21-cv-01357 JLT SKO |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. | |
| THREE BROTHERS ELECTRICAL CONTRACTORS, INC., and ALEX JONES, | (Doc. 44) |
| Defendants. | |

Sunbelt Rentals, Inc. sought to hold Three Brothers Electrical Contractors, Inc. and Alex Jones liable for failure to pay amounts due for the rental of its equipment. (*See generally* Doc. 1.) Plaintiff now seeks an award of attorney's fees and costs following entry of judgment. (Doc. 44.) Defendants have not opposed the motion. The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

I.     **Background and Procedural History**

Plaintiff rents equipment to its customers for use primarily in construction projects. (Doc. 1, ¶ 6.) Three Brothers is an electrical contractor that services residential and commercial entities. (*Id.* at ¶ 7.) Alex Jones is the chief executive officer of Three Brothers. (*Id.* at ¶ 3.) In November 2018, Jones, in his capacity as Three Brothers' CEO, executed Plaintiff's online credit application. (*Id.* at ¶ 8; Doc. 1-1 at 1-2.) In connection with the application, Jones also signed an individual personal guaranty in

which he agreed to "personally guarantee prompt payment and performance of any obligations" of Three Brothers to Plaintiff. (Doc. 1, ¶ 9; Doc. 1-1 at 3.) Upon Plaintiff's approval of the application, an open account was established through which Three Brothers could rent equipment from Plaintiff on credit. (Doc. 1, ¶¶ 10-11; Doc. 1-2.) From August 2020 through February 2021, Plaintiff rented equipment to Three Brothers, for which both Three Brothers and Jones failed to pay. (Doc. 1, ¶¶ 12-13; Docs. 1-3, 1-4.) On September 10, 2021, Plaintiff filed this action in diversity against Three Brothers and Jones, asserting causes of action for (1) breach of contract, (2) unjust enrichment, (3) attorney's fees, and (4) breach of personal guaranty. (Doc. 1.)

On October 12, 2021, Jones filed an answer that purported to be on behalf of himself and Three Brothers. (Doc. 10.) The Court struck the answer as to Three Brothers, a corporate entity, on grounds that there was no indication that Jones was an "attorney" as defined by the Court's Local Rule 183 such that he would be authorized to appear and file an answer on behalf of the entity. The Clerk of Court entered default against Three Brothers (*Id.*) Three Brothers did not file an answer and Plaintiff filed a motion for default judgment against the company alone. (Doc. 14.) The assigned magistrate judge recommended the motion be denied without prejudice because Jones had appeared to defend in the action and default judgment against Three Brothers could result in inconsistent determinations. (Doc. 19 [citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)].) On February 8, 2022, the Court adopted the findings and recommendations in full. (Doc. 21.)

On March 28, 2022, Plaintiff filed a motion for judgment on the pleadings as to Jones, which the Court took under submission due to the Court's backlog. (Docs. 22, 24.) On June 15, 2022, Plaintiff filed an amended motion for default judgment against Three Brothers (Doc. 26), which was denied for the same reasons as those indicated in the first denial. (Docs. 29, 31.)[1]

In March 2023, upon further examination of the motion for judgment on the pleadings, the Court issued a minute order notifying Plaintiff that it would hold the motion in abeyance until a

---

[1] The assigned magistrate judge issued findings and recommendations on July 14, 2022. (Doc. 29.) In response, Plaintiff filed a "motion for decree pro confesso," contending that under *Frow*, granting the motion would "allow the Court to decide the Unopposed Motion for Judgment on the Pleadings against Mr. Jones." (Doc. 30.) The magistrate judge recommended the motion be denied (Doc. 33), and the Court agreed. (*See* Doc. 35.)

2

renewed motion for default judgment as to Three Brothers was filed in order to address all claims simultaneously. (*See* Doc. 38.) Plaintiff filed an amended motion for default judgment on March 8, 2023. (Doc. 39.) The Court subsequently granted Plaintiff's motion for judgment on the pleadings and granted in part its motion for default judgment. (Doc. 40.) The Court also concluded Plaintiff was entitled to reasonable attorney's fees and costs and directed Plaintiff to file a motion within 28 days of entry of final judgment. (*Id*. at 14-15.)[2] On March 17, 2023, Plaintiff timely filed the motion for attorney's fees and costs now pending before the Court, asserting the award is appropriate pursuant to California Civil Code § 1717 and Rule 54 of the Federal Rules of Civil Procedure. (Doc. 44.) Defendants did not file an opposition.

## II.     Legal Standard

When an action invokes diversity jurisdiction, the Court is "obligated to apply California state law regarding attorney's fees. *Farmers Ins. Exchange v. Law Offices of Conrado Sayas*, 250 F.3d 1234, 1237 (9th Cir. 2001). Under California law, attorney's fees and costs are recoverable when "expressly authorized by statute or contract." *Real Property Services Corp. v. City of Pasadena*, 25 Cal. App. 4th 375, 379 (1994); *see also Berkla v. Corel Corp*., 302 F.3d 909, 919 (2002) ("California permits parties to allocate attorney's fees by contract").

The state enacted California Civil Code § 1717 "to establish mutuality of remedy where [a] contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions." *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (citation omitted). Thus, a "prevailing party" for an action on a contract is entitled to an award of attorney's fees and costs if a contract includes a provision for fees and costs. Cal. Civ. Code § 1717. Specifically, the statute provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

---

[2] An analysis of Plaintiff's entitlement to fees and costs was conducted due to its cause of action for attorney's fees in the complaint. However, Plaintiff provided no documentation to support a motion for attorney's fees, and thus, the Court reserved jurisdiction as to the amount of those fees pending examination of Plaintiff's Rule 54(d) motion. (Doc. 40 at 14.)

*Id.* § 1717(a). The Court must "determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment," and the "prevailing party on the contract shall be the party who recovered a greater relief in the action on the contract." *Id.* § 1717(b)(1).

### III. Discussion and Analysis

Plaintiff's counsel seeks a total award of $46,032.52 in attorney's fees—$26,625.25[3] against Three Brothers and $19,407.27 against Jones—and $1,148.38 in costs related to this action, arguing the amounts requested are both reasonable and necessary. (*See* Docs. 44, 45.)

As an initial matter, Plaintiff is entitled to attorney's fees under California law. First, the contracts at issue specifically provide for attorney's fees and costs.[4] In addition, because the Court entered judgment in Plaintiff's favor and concluded Plaintiff was entitled to reasonable fees and costs, the Court also finds that for the purposes of § 1717, Plaintiff is the prevailing party in this action. Thus, Plaintiff may be awarded attorney's fees pursuant to California Civil Code of Procedure § 1717. The only issue raised and remaining before the Court is the amount of fees, with Jones requesting a "reduction by half." (Doc. 10 at 3.)

#### A. Fees to be awarded

In general, the Court determines a reasonable fee award "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The product of this computation, the "lodestar" amount, yields a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Next, the Court may adjust the lodestar upward or downward using a "multiplier" considering

---

[3] This amount includes $11,174.75 in discounts applied by Plaintiff's counsel. (Doc. 44-1 at 3, ¶ 11.)
[4] The Terms and Conditions of the parties' rental agreement provides, in part, that Three Brothers "shall pay all of Sunbelt's costs, including reasonable costs of collection, court costs, attorneys and legal fees, incurred in exercising any of its rights or remedies herein." (Doc. 1-2 at 2, ¶ 15.) In signing the personal guaranty, a guarantor agrees to "to pay all costs and expenses of collection, including reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt in exercising any of Sunbelt's rights and remedies." (Docs. 50-1, 50-2.)

factors adopted by the Ninth Circuit:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[5]

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) (indicating the Court should "consider[] some or all twelve relevant criteria set forth in *Kerr*" to determine whether to deviate from the lodestar).

### 1. Fees based on the rental agreement

Plaintiff seeks an award of $25,625.25 in attorney's fees against Three Brothers and has submitted invoices as documentation of the work performed by Plaintiff's counsel and legal staff in this action. (Doc. 44-2.)

#### a. Time expended

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Applying this standard, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434); *see also Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007).

The Supreme Court determined "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). As a result, courts have approved of elimination of clerical tasks from lodestar calculations. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Marquez v. Harper*

---

[5] The Ninth Circuit has since determined the nature of a fee and "desirability" of a case are no longer relevant factors. *Resurrection Bay Conservation Alliance v. City of Seward*, 640 F.3d 1087, 1095 n.5 (9th Cir. 2011) (internal citation omitted).

5

*Sch. Dist.,* 546 F. App'x 659, 660 (9th Cir. 2013) ("[t]he district court was within its discretion" when it declined to award fees for clerical tasks); *see also Weeks v. Kellogg Co.*, 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013) ("In calculating the lodestar, courts typically exclude time spent on clerical or ministerial tasks because such tasks are properly considered part of an attorney's overhead and are reflected in his or her hourly rate.").

Review of the invoices provided reveals numerous entries for reviewing the docket, calendaring deadlines, preparing documents for filing, filing documents, and service-related tasks. Courts have determined these tasks are clerical in nature, and time expended should not be awarded. *See, e.g., Moore v. Chase, Inc.*, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) (providing examples of nonbillable clerical tasks, including "creating indexes for a binder; filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents"); *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 265 (E.D. Cal. 2019) (observing clerical staff could "easily" complete "calendaring of court dates" and reducing the fee award); *Campbell v. AMTRAK*, 718 F. Supp. 2d 1093, 1105 (N.D. Cal. 2010) (deducting calendaring as clerical work from the fee award); *Nadarajah*, 569 F.3d at 921; *Garcia v. Colvin*, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013) (observing the "document emailing and e-filing constitutes clerical or secretarial work and should not be awarded as these activities should be considered overhead costs," and explaining "filing documents is a clerical task, regardless of whether counsel has delegated the authority to his paralegal to access his CM/ECF account"); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *12 (C.D. Cal. Oct. 18, 2012) (declining to award fees for time spent e-filing documents with the court); *Nadarajah*, 569 F.3d at 921 (finding "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead"); *Santiago v. CACH LLC*, 2013 WL 5945805, at *4 n.2 (N.D. Cal. Nov. 4, 2013) (declining to award time for preparation of service documents and communicating with process server); *Compass Bank v. Morris Cerullo World Evangelism*, 2015 WL 3442030, at *8 (S.D. Cal. May 28, 2015) (identifying drafting a revised subpoena and preparing documents for service as clerical tasks). Given the clerical nature of these tasks, the following time will be deducted:

///

| Date | Legal Prof. | Task Description | Time |
|---|---|---|---|
| 8/23/21 | KHE | Work to conform Complaint pursuant to California Rules; review local rules regarding filing of Complaints to adhere to the Rules. | 0.50 |
| 9/10/21 | CKG | Submit Complaint and all supporting documents to Eastern Dist. of California Clerk of Court. | 0.40 |
| 9/13/21 | CKG | Finalize and submit Sunbelt's Corporate Disclosure Statement to Eastern Dist. of California Clerk of Court. | 0.20 |
| 9/13/21 | CKG | Prepare Summonses, Complaint and Court Order Setting Mandatory Scheduling Conference for service on Three Brothers and Alex Jones by California process server. | 0.50 |
| 9/13/21 | CKG | Correspondence to California process server regarding needs for service of Summonses, Complaint and Court Order Setting Mandatory Scheduling Conference on Three Brothers and Alex Jones. | 0.20 |
| 9/15/21 | CKG | Receipt and review of emails from California process server regarding status of service of Summonses and Complaint on defendants. | 0.10 |
| 9/15/21 | CKG | Email to case attorneys regarding status of service of Summonses and Complaint on defendants. | 0.10 |
| 9/16/21 | CKG | Review Local Rules of USDC, Eastern Dist. of California regarding time permitted to serve Complaint and prepare for same per S. Brown. | 0.30 |
| 9/16/21 | CKG | Correspondence with California process server regarding status of service of Summonses and Complaint on defendants and additional needs for same. | 0.20 |
| 9/16/21 | HFG | Evaluate issues re service of process on defendants. | 0.10 |
| 9/21/21 | CKG | Receipt and review of service details for Summonses served on defendants from California process server. | 0.10 |

| | | | |
|---|---|---|---|
| 9/21/21 | CKG | Prepare response to California process server regarding service of Summonses on defendants. | 0.30 |
| 10/12/21 | CKG | Obtain and review docket for confirmation of defendants' nonfiling of response to Complaint per H. Gregory. | 0.10 |
| 10/12/21 | CKG | Prepare Proof of Service of Summons served on Three Brothers and submit same with Court. | 0.20 |
| 10/12/21 | CKG | Prepare Proof of Service of Summons served on Alex Jones and submit same with Court. | 0.20 |
| 10/13/21 | CKG | Prepare and submit Request to Clerk for Entry of Default against defendants and Declaration in support with Court. | 0.30 |
| 11/16/21 | CKG | Review Order entered by the Court and prepare for all deadlines under same. | 0.20 |
| 12/6/21 | CKG | Obtain Judge Oberto's next available hearing dates for Sunbelt's Motion for Default Judgment against Three Brothers and work with T. Blake regarding same. | 0.20 |
| 3/28/22 | CKG | Review Minute Order entered by the Court resetting Initial Scheduling Conference and prepare for all updated deadlines under same. | 0.10 |
| 5/2/22 | CKG | Obtain and review docket to confirm if Alex Jones filed a Response to Sunbelt's Motion for Judgment on the Pleadings per K. Webster. | 0.10 |
| 6/1/22 | HFG | Review docket, related update to motion for default judgment against defendant entity. | 0.20 |
| 6/15/22 | CKG | Finalize, prepare, and submit Amended Motion for Default Judgment, exhibits to same, and Memorandum in Support with the Court. | 0.60 |
| 6/15/22 | HFG | Finalize motion for default judgment, memorandum in support of motion, exhibits, and corresp. with T. Blake re review, finalizing and filing same, related review of the local rules governing hearings on dispositive motions. | 1.80 |

| | | | |
|---|---|---|---|
| 6/15/22 | CKG | Service of Amended Motion for Default Judgment and Memorandum in Support on Alex Jones. | 0.10 |
| 8/8/22 | CKG | Prepare Motion for Decree Pro Confesso for service on Alex Jones. | 0.10 |
| 8/8/22 | CKG | Prepare and submit Motion for Decree Pro Confesso with the Court. | 0.20 |
| 9/20/22 | CKG | Prepare and submit Objections to Magistrate Judge's Findings and Recommendations denying Sunbelt's Motion for Decree Pro Confesso. | 0.20 |
| 9/20/22 | CKG | Prepare Objections to Magistrate Judge's Findings and Recommendations denying Sunbelt's Motion for Decree Pro Confesso for service on pro se plaintiff Alex Jones. | 0.10 |
| 11/7/22 | CKG | Review Order entered by the Court as to Initial Scheduling Conference and prepare for all deadlines under same. | 0.10 |

These entries result in a deduction of 7.8 hours from the lodestar calculation, which total 0.50 hours for Karen Evans, 2.10 hours for Haley Gregory, and 5.2 hours for Cindy Grantham.

### b.     Hourly rates

The Court must also determine whether the hourly rates are reasonable to calculate the lodestar. *See Florida*, 915 F.2d at 545 n.3. The Supreme Court explained that attorney's fees are to be calculated with "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In general, the "relevant community" for purposes of determining the prevailing market rate is the "forum in which the district court sits." *Camacho*, 523 F.3d at 979. Thus, when a case is filed in this Court, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate." *See Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011).

The fee applicant bears a burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. An applicant meets this burden by producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable

9

skill, experience and reputation." *Id.*; *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community … are satisfactory evidence of the prevailing market rate."). The Court may apply "rates from outside the forum ... 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

                *i.*        *Attorneys*

Plaintiff's counsel, Keishunna Randall, reports hourly rates ranging from $235 to $405 for the attorneys who performed work on this matter. (*See* Doc. 44-1.) According to Ms. Randall, she became licensed to practice law in 2007 and charges an hourly rate of $315, (*id.* at 2, ¶ 3); Brian Kimball became licensed in 2002 and charges $405 per hour, (*id.* at 3, ¶ 5); Haley Gregory became licensed in 2013 and charges $345 per hour, (*id.*, ¶ 6); and Sammy Brown, Jr. became licensed in 2019 and charges $235 per hour. (*Id.*, ¶ 7.) Ms. Randall reports that each attorney's hourly rate is "commensurate with his [or her] hourly rate for representing clients across the United States," but provides no other evidence as to how these rates are reasonable in the Eastern District. (*See id.*, ¶¶ 5-7.)

Notwithstanding, the Court has performed a comprehensive survey of fees awarded in the Eastern District, and finds current hourly rates range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years. *See, e.g., Cianchetta v. BMW of N. Am., LLC*, 2022 WL 2160556, at *6 (E.D. Cal. June 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *Seebach v. BMW of N. Am., LLC*, 2020 WL 4923664 at *3 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, and $505 for an attorney "with roughly 20 years of experience" in 2020); *Siafarikas v. Mercedez-Benz USA, LLC*, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney who had practiced law for 21 years); *Garybo v. Leonardo Bros*, 2021 WL 449350, at *5 (E.D. Cal. Sept. 30, 2021) (adopting the recommended hourly rate of $500 for

attorneys who were admitted to practice for 20 years or more to calculate a lodestar); *Mostajo v. Nationwide Mut. Ins. Co.*, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (approving of "hourly rates ranging from $650 through $750" for "attorneys with over thirty years of experience" for purposes of calculating a lodestar); *Cooks*, 2021 WL 5139613, at *6 (calculating the lodestar using the rate of $695 for attorneys with 30 years' experience). With these parameters in mind, the requested award reflects hourly rates that are within the range of those awarded to attorneys with comparable experience in the Eastern District.

### ii. Paralegals

Ms. Randall reports that Cindy Grantham is a paralegal who performed work in this matter at an hourly rate of $230. (Doc. 44-1 at 3, ¶ 8.) However, this amount exceeds the hourly rates for even the most experienced paralegals in the Eastern District.

Paralegal rates within the Eastern District range from $75 to approximately $150 per hour, depending on experience. *See, e.g., Schmidt v. City of Modesto*, 2018 WL 6593362, at *6 (E.D. Cal. Dec. 14, 2018) ("the reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour depending on experience"); *Bernal v. Sacramento Cty. Sheriff Dep't,* 2023 WL 2504895, at *5 (E.D. Cal. Mar. 14, 2023) (rates of "approximately $100 per hour" were reasonable for paralegals in this district); *Gilbert v. Jabar Wireless Inc.*, 2023 WL 3055108, at *9 (E.D. Cal. Apr. 24, 2023) (finding the hourly rate of $115 was reasonable for "experienced paralegals"); *Block v. Narwal*, 2022 WL 17455502, at *9 (E.D. Cal. Dec. 6, 2022) (finding the requested rate of $115 was reasonable for paralegals who had more than ten years of experience); *Freshko Produce Servs. v. ILA Prods,* 2021 WL 4033176, at *4 (E.D. Cal. Sept. 2, 2021) (finding $150 per hour was reasonable "for a paralegal with more than 30 years of experience" for calculating a lodestar).

Ms. Randall contends that Ms. Grantham's hourly rate is "commensurate with her hourly rate for the work she performs on behalf of clients across the United States." (Doc. 44-1 at 3, ¶ 8.) However, Plaintiff presents no evidence to support a finding that $230 is within the range awarded to paralegals of similar experience and skill in the Eastern District, nor does she provide any information indicating Ms. Grantham's skill level or experience as a paralegal.

When parties fail to provide information related to the experience of paralegals, the Court has

reduced the requested fee award to the lower end of the hourly rate range. *See, e.g., Englert v. City of Merced*, 2020 WL 2215749, at *13 (E.D. Cal. May 7, 2020) (rejecting the requested rates of $125 to $150 per hour for the paralegals and reducing them to $75 when the plaintiffs "provided no information on the experience of the paralegals"); *Freshko Produce Servs. v. Write on Mktg.*, 2019 WL 3798491 at *3 (E.D. Cal. Aug. 13, 2019) (finding the proposed hourly rate of $150 was not reasonable because counsel "fail[ed] to identify the education and experience of [the] paralegal to justify the upper rate of $150," and adjusting the hourly rate to $100); *Mora v. Cal W. Ag Servs., Inc.*, 2019 WL 2084725, at *9 (E.D. Cal. May 13, 2019) (applying adjusted rate for paralegals of $100 per hour where counsel failed to identify the experience of the paralegals). Because Plaintiff's counsel failed to provide any information regarding Ms. Grantham's education and experience, her hourly rate will be reduced to $100.[6] *See Freshko*, 2019 WL 3798491 at *3; *Mora*, 2019 WL 2084725, at *9.

        c.      *Lodestar calculation*

Based upon the survey of fees awarded in the Eastern District and the Court's own knowledge, the adjusted rates are reasonable and align with prevailing local market rates. *See Cianchetta*, 2022 WL 2160556, at *6; *Garybo*, 2021 WL 449350, at *5; *see also Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011) (concluding "the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience" to determine reasonable hourly rates). With the time and hourly adjustments set forth above, the lodestar totals $35,562.00[7]:

| **Legal Professional** | **Time** | **Rate** | **Lodestar** |
|---|---|---|---|
| Brian Kimball | 12 | $405 | $4,860.00 |
| Haley Gregory | 43.5 | $345 | $15,007.50 |
| Keishunna Randall | 0.8 | $315 | $252.00 |
| Sammy Brown, Jr. | 57.5 | $235 | $13,512.50 |
| Cindy Grantham | 15.3 | $100 | $1,530.00 |
| Karen Evans | 4.0 | $100 | $400.00 |
| **Total** | | | **$35,562.00** |

---

[6] Karen Evans also billed time in this matter, however, Plaintiff does not indicate whether Ms. Evans is an attorney or paralegal, and no information is provided regarding her skills and experience. (*See* Doc. 44-2 at 2, 24, 27.) Thus, based on the tasks performed and her hourly rate of $230, the Court will reduce Ms. Evans' rate to $100 per hour as a paralegal.

[7] Plaintiff's counsel—as well as the invoices proffered—failed to list the total billed hours of each legal professional. Thus, the totals listed are based on the Court's calculation, which differs slightly from Plaintiff's calculation by 0.30 hours. (*See* Doc. 45 at 5 [calculating a total of 141.2 hours compared to the Court's calculation of 140.9 hours before deductions were made].)

Thus, the lodestar supports a reward of Plaintiff's requested attorney's fees in the amount of $26,625.25. The Court finds this amount is reasonable, particularly in light of the work completed and the results achieved in this action.[8] *See Kerr,* 526 F.2d at 70.

### 2.  Fees based on the guaranty

In addition to seeking attorney's fees based on the rental agreement for which Jones and Three Brothers are jointly and severally liable, Plaintiff seeks $19,407.27 from Jones individually. (*See* Doc. 44 at 2.) The only explanation proffered by Plaintiff for seeking such an award is that the guaranty executed by Jones provides for attorney's fees totaling 15% of the amount owed by Three Brothers. (*See* Doc. 45 at 2-3.) While the guaranty does provide for attorney's fees not to exceed 15% of the outstanding balance owed, it specifies that *"[i]f collection of amounts due requires* the assistance of a collection agency or attorneys, *suit is brought* hereon, or it is *enforced through any judicial proceeding* whatsoever," the guarantor agrees to "pay all costs and expenses *of collection,*" including reasonable attorney's fees. (Docs. 50-1, 50-2 [emphasis added].) Plaintiff cites no authority and offers no argument as to its entitlement, as a matter of law, to fees amounting to 15% of Three Brother's balance owed, irrespective of whether those fees were expended in collecting the amounts due. Perhaps more importantly, Plaintiff makes no argument as to the reasonableness of this request, especially in light of Jones' joint and several liability for the damage amount, which includes reasonable attorney's fees. (*See* Doc. 40 at 11.) The guaranty makes clear that the only recoverable fees are those reasonably incurred in obtaining legal assistance, filing suit, or engaging in judicial proceedings to collect amounts due. Plaintiff concedes that the fees incurred in litigating this matter were required based on both Defendants' breach. (*See* Doc. 1 at 4, ¶ 27.) Because those fees are hereby awarded, as provided above, and because Jones nonetheless remains liable for those fees, Plaintiff's motion against Jones in the additional amount of $19,407.27 is **DENIED**.

///

---

[8] Although the Court may adjust the lodestar upward or downward based on the Kerr factors, neither party requests a modifier be applied. *See Siafarikas*, 2022 WL 16926265, at *3-4 (declining to apply a lodestar modifier because it was not requested by either party and the case did not present any novel or difficult issues).

### B. Costs to be awarded

In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)). This is because "federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Thus, federal procedural law governs a request for an award of costs.

Rule 54 of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption in favor of awarding costs to the prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce*, 342 F.3d at 1022. "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). For example, costs may be declined in light of "a losing party's limited financial resources" or where there has been "misconduct by the prevailing party." *Champion Produce*, 342 F.3d at 1022. The Supreme Court explained that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Costs that may be taxed under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Generally, the court may not award costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). However, the Ninth Circuit determined that the cost limitations of 28 U.S.C. § 1920 "do not control" when there is

an action on a contract under Cal. Civil Code § 1717, and the "plain language" of the agreement indicates that "the prevailing party [is] to recover all costs." *Hobson v. Orthodontic Centers of Am. Inc.*, 220 Fed. Appx. 490, 491 (9th Cir. 2007). The burden is on the losing party to demonstrate that the Court should disallow requested costs. *Save Our Valley*, 353 F.3d at 946.

The provision governing costs in the terms and conditions of the rental agreement that the "[c]ustomer *shall* pay all of Sunbelt's costs, including reasonable costs of collection, court costs, attorneys and legal fees, incurred in exercising any of its rights or remedies herein." (Doc. 1-2 at 2, ¶ 15 [emphasis added].) Thus, the "plain language" of the provision indicates that Plaintiff is to recover all costs. *See Hobson v.* 220 Fed. Appx. at 491 (finding the court "properly awarded all costs" where the parties' contract "provided that the prevailing party on any legal action under the Agreement was entitled to recover attorneys' fees and costs," and Cal. Civil Code § 1717 governed the "prevailing party" determination). Consequently, as the prevailing party under § 1717, Plaintiff is entitled to recover costs related to this litigation.

Ms. Randall reports that the requested costs consist of "a filing fee and fees for obtaining service of process," totaling $1,148.38. (Doc. 44-1 at 4, ¶ 12.) The invoices provided by Plaintiff and its counsel indicate the amount and object of all costs incurred. (*See* Doc. 44-2.) Defendants do not raise any objections to the requested costs and Plaintiff does not carry the burden to demonstrate the costs should not be awarded. Thus, Plaintiff's requested award for costs is **GRANTED** in the amount of $1,148.38.

### IV.    Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees and costs (Doc. 44) is **GRANTED IN PART**.
2. The Court **AWARDS** the modified total amount of **$27,773.63** to Plaintiff, which includes $26,625.25 in fees and $1,148.38 in costs.

IT IS SO ORDERED.

Dated:  **August 9, 2023**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES DISTRICT JUDGE

15